RIDER, Appellant, v. MILLER, Respondent.

No. 533; July 17, 1865.

Taxation—Public Lands—Presumption.—For purposes of taxation there is no presumption of law that land occupied by private persons, assessed in due form by the proper officers as private property and sold for taxes, is a part of the public domain and not subject to taxation.

Taxation—Public Land.—It is Insufficient Merely to claim land as United States government land, and hence exempt from taxation; the person concerned must show the fact.

Tax Sale.—A Tax Deed is Made by Statute Prima Facie Evidence of title in the grantee.

APPEAL from Sixth Judicial District, Sacramento County.

Geo. Cadwalader for appellant; Moore & Alexander for respondent.

SAWYER, J.—This is an action to recover certain lots of land situated in the city of Sacramento. Plaintiff alleges title and an ouster. Defendant, after denying the allegations of the complaint, sets up the statute of limitations, and alleges title in himself. Plaintiff introduced a tax deed executed in pursuance of a sale for taxes, for the fiscal year 1859-60, and proved the possession of defendant for eleven years prior to the commencement of the suit. The defendant proved that during the time of his possession of the premises he was "claiming the same as United States government lands." This last proof of claiming the same as government lands was admitted under objection and exception on the part of the plaintiff on the ground that the evidence "was inadmissible under the answer, and immaterial, and not even tending to show that it was government land." This is all the evidence on the question, as to whether the land was a part of the public domain or not.

The second finding of the court is as follows: "That the land in dispute and described in said deed is a part of the public domain and is the property of the government of the United States." And the court finds as conclusion of law: "First. The premises in controversy in this action, being public land, are not subject to taxation, under the laws of the United States or of this state." "Second. The only title claimed by plaintiff in this case being based upon a sheriff's deed for taxes, and the land claimed being a part of the public domain, he has shown no right to said land, and no right to recover in this action."

Judgment was thereupon rendered for defendant.

Plaintiff moved for a new trial on the ground, among others, that the evidence was insufficient to sustain the finding that the land in question is a part of the public domain. And we think it insufficient in this respect. For the purposes of taxation there is no presumption of law that land in occupation of private parties assessed as private property in due form by the proper officers, and sold for taxes is a part of the public

domain, and not subject to taxation. Possession is evidence of title. The tax deed is by statute made "prima facie evidence of title in the grantee." If the lands were not in fact subject to taxation, this is an exception to the general rule, and the party relying upon the exception must under the statute show affirmatively that he is within it. Being in the possession of the land and prima facie the owner, if it is in fact public land, and, therefore, not subject to taxation, he must show it; and testimony that the party is merely "claiming the same as United States government land" is insufficient to overthrow the prima facie case made by the possession and tax deed. This being the only testimony on the point, the evidence, in our opinion, is insufficient to sustain the finding upon which the judgment is based.

There does not seem to be any question made on the sufficiency of the tax deed. The respondent has not thought proper to file any brief, or points, and we have, therefore, decided the case without any aid from counsel on that side.

Judgment reversed and new trial ordered.

We concur: Sanderson, C. J.; Shafter, J.